**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| CAMP ARROWHEAD, LTD., | § | |
| | § | |
|     *Debtor.* | § | |
| | § | |
| COOLWATER, LLC, | § | |
| | § | |
|     *Appellant,* | § | |
| | § | |
| v. | § | Civil Action No. SA-10-CV-170-XR |
| | § | |
| CAMP ARROWHEAD, LTD., | § | |
| | § | |
|     *Appellee.* | § | |

**ORDER ON MOTION TO CONSOLIDATE APPEALS**

On this date, the Court considered Appellant's opposed motion to consolidate (Docket Entry No. 5) this appeal with *Coolwater, LLC v. Camp Arrowhead, Ltd. (In re Camp Arrowhead, Ltd.)*, No. SA-10-CV-171-XR (W.D. Tex. filed Feb. 26, 2010). After careful consideration, the Court will GRANT the motion.

**Background**

Camp Arrowhead, Ltd. owned approximately 650 acres of real property located in Kerr County, Texas. Coolwater, LLC, states that it had an option contract to purchase the property. Camp Arrowhead declared bankruptcy, which Coolwater claims was a litigation tactic so that Camp Arrowhead could sell the property to another party. In the bankruptcy court, Coolwater filed a motion to dismiss, alleging that the bankruptcy had been filed in bad faith or for an illegitimate purpose. The bankruptcy court denied the motion. Camp Arrowhead sought and was granted authorization to sell the property. Coolwater has appealed the bankruptcy court's denial of the

motion to dismiss[1] and the bankruptcy court's order authorizing the sale of the property,[2] resulting in two separate appeals.

## Procedural History

Coolwater moved to consolidate the two appeals.[3] Coolwater states that the other relevant parties are opposed to the relief sought.

## Legal Standard

Federal Rule of Civil Procedure 42 provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Id.*; *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir. 1993). Federal district courts have very broad discretion in deciding whether to consolidate. *Frazier*, 980 F.2d at 1531–32. In deciding whether to consolidate cases, a district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of

---

[1] *Coolwater, LLC v. Camp Arrowhead, Ltd. (In re Camp Arrowhead, Ltd.)*, No. SA-10-CV-170-XR (W.D. Tex. filed Feb. 26, 2010).

[2] *Coolwater, LLC v. Camp Arrowhead, Ltd. (In re Camp Arrowhead, Ltd.)*, No. SA-10-CV-171-XR (W.D. Tex. filed Feb. 26, 2010).

[3] Mot. to Consolidate, Mar. 5, 2010 (Docket Entry No. 5). A motion was also filed in No. SA-10-CV-171-XR as Docket Entry No. 3.

inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar County*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting *Zolezzi v. Celadon Trucking Servs. Inc.*, No. H-08-3508, 2009 WL 736057, at *1 (S.D.Tex. March 16, 2009)); *Russo v. Alamosa Holdings, Inc.*, No. Civ.A. 5:03-CV-312-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

## Analysis

In this case, both the appeal of the denial of the motion to dismiss and the appeal of the order authorizing the sale are before the same judge in this Court. The parties are the same in both appeals: Coolwater, LLC and Camp Arrowhead, Ltd. Issues of law and fact are common to these matters. The Court does not discern any prejudice, confusion, or unfair advantage in consolidating the appeals. Notably, consolidation of these cases would conserve judicial resources, time, and expense since the issues in the appeals are intertwined. Both cases are at the same stage in the appeal process. In light of the related facts and legal issues in these matters and in consideration of all the aforementioned factors, consolidation is warranted.

**Conclusion**

Appellant's motion to consolidate this appeal with *Coolwater, LLC v. Camp Arrowhead, Ltd.*, No. SA-10-CV-171-XR (W.D. Tex. filed Feb. 26, 2010) is GRANTED. It is therefore, ORDERED that SA-10-CV-170-XR is consolidated with SA-10-CV-171-XR. It is further ORDERED that SA-CV-171-XR shall be designated the lead case with the deadlines of SA-CV-171-XR to control.

It is so ORDERED.

SIGNED this 8th day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE